UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00093-FDW

| | |
|---|---|
| ERIC S. JONES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ORDER |
| FNU WIESANT, et al., | ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint filed under 42 U.S.C. § 1983 (Doc. No. 1). See 28 U.S.C. §§ 1915A and 1915(e). Also before the Court is Plaintiff's motion to proceed in forma pauperis. (Doc. No. 2.)

Plaintiff is a prisoner of the State of North Carolina. In the instant Complaint, he claims Defendants were deliberately indifferent to his serious medical needs while he was held/housed at the Burke-Catawba Detention Center in 2016. The Court does not reach the merits of the Complaint because Plaintiff is subject to the "three-strikes" provision of 28 U.S.C. § 1915(g).

The Prisoner Litigation Reform Act ("PLRA") provides, in part, that if a prisoner has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner may not proceed in forma pauperis but must pay up-front all filing fees for his subsequent suits.[1] 28 U.S.C. § 1915(g); see also Blakely v. Wards, 738 F.3d 607, 609 (4th Cir. 2013), as amended (Oct. 22, 2013). Plaintiff has had the following civil actions

---

[1] There is an exception to this rule, which does not apply here. See 28 U.S.C. § 1915(g) (West).

1

dismissed as frivolous, malicious, and/or for failure to state a claim for which relief may be granted : **Jones v. Westbrook, et al.**, No. 1:13-cv-155-FDW (W.D.N.C. Apr. 22, 2014) (failure to state a claim); **Jones v. Norman, et al.**, No. 1:13-cv-67-RJC (W.D.N.C. Mar. 25, 2013) (failure to state a claim); **Jones v. Butler, et al.**, No. 5:05-ct-680-H (E.D.N.C. Dec. 5, 2005) (frivolous).

The PLRA "three-strikes" rule was enacted to bar prisoners, like Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full.

Plaintiff has not prepaid the filing fee, and he may not proceed in form pauperis, see § 1915(g). Consequently, the Court will dismiss the Complaint without prejudice; Plaintiff may refile his Complaint after he has prepaid the filing fee in full.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to proceed in forma pauperis (Doc. No. 2) is **DENIED** pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED without prejudice**. See id.

Signed: July 5, 2017

Frank D. Whitney
Chief United States District Judge